Michelle L. Gomez (Bar No. 41661037)
mgomez@littler.com
LITTLER MENDELSON, P.C.
1900 Sixteenth Street, Suite 800
Denver, Colorado 80202
Telephone: 303.629.6200
Fax No.: 303.629.0200

Jay J. Athey (Bar No. 13766)
jathey@littler.com
201 Third Street NW, Suite 500
Albuquerque, New Mexico 87102
Telephone: 505.944.9680
Fax No.: 505.944.9681

Attorneys for Defendant
WELLS FARGO BANK, N.A.

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION**

| | |
|---|---|
| **TAMIE QUINN**,<br><br>                Plaintiff,<br><br>vs.<br><br>**WELLS FARGO BANK, NATIONAL ASSOCIATION and DOES 1-5,**<br><br>                Defendants. | Case No. CV-23-42-BU-BMM<br><br>**DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION** |

## NOTICE OF REMOVAL OF CIVIL ACTION

**TO: THE CLERK FOR THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MONTANA**

PLEASE TAKE NOTICE that Defendant Wells Fargo Bank, National Association ("WFB") hereby removes the above-entitled action from the Third Judicial District Court, Deer Lodge County, Montana, to the United States District Court for the District of Montana on the grounds that this action is one that may be removed to this Court by this Defendant pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. Defendant WFB respectfully submits the following statement of grounds for removal on the basis of diversity jurisdiction.

1. On March 22, 2023, Plaintiff filed an action for damages in the State of Montana, County of Deer Lodge, Third Judicial District, entitled *Tamie Quinn v. Wells Fargo Bank, National Association, et al.*, Case No. D-23-32. Plaintiff's Complaint alleges claims on the basis of negligence, negligent hiring, negligent retention, negligent supervision, negligent infliction of emotional distress, and negligence per se.

2. On May 25, 2023, Plaintiff served WFB with a summons and a copy of her Complaint and Jury Demand. Copies of all process, pleadings and orders served upon Defendant in the state court action are being filed with this Notice as required by 28 U.S.C. § 1446(a) and are attached hereto as **Exhibit 1**.

3. This Court has diversity jurisdiction over this action under 28 U.S.C. § 1332 and removal jurisdiction under 28 U.S.C. § 1441(a) in that it is a civil action between citizens of different states and Plaintiff's allegations reflect that the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

4. Citizenship of a natural person is established by domicile. *See Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). Plaintiff alleges she is a resident of Butte, Silver Bow County, Montana. *See* Ex. 1, Pl.'s Compl. at 1, ¶ 1.

5. Defendant WFB is a foreign National Association doing business in Montana, with its main office in South Dakota. *Id.* at 1, ¶ 2. For the purposes of diversity jurisdiction, "[a]ll national banking associations shall, for the purposes of all other actions by or against them, be deemed citizens of the States in which they are respectively located." 28 U.S.C. § 1348. A national bank is located where it maintains its "main office" as set forth in its articles of incorporation. *Wachovia Bank v. Schmidt*, 546 U.S. 303, 307 (2006). Its citizenship is not determined by the state(s) where it maintains branches. *Id.* The national association's principal place of business does not determine its citizenship. *Wells Fargo Bank, N.A. v. WMR e-PIN, LLC*, 653 F.3d 702, 708-10 (8th Cir. 2011).

6. In its Articles of Incorporation, Wells Fargo Bank, N.A., lists its main office location as "City of Sioux Falls, County of Minnehaha, State of South

Dakota." Accordingly, WFB is a citizen of South Dakota. *See* 28 U.S.C. § 1348; *Wachovia Bank*, 546 U.S. at 307; *Wells Fargo Bank, N.A.*, 653 F.3d at 708-10.

7. WFB is the employer and sole named defendant in this action. Accordingly, there is complete diversity of citizenship between the Parties pursuant to 28 U.S.C. § 1331(a)(1).

8. The amount in controversy in this matter is not alleged in Plaintiff's Complaint. Accordingly, Defendant must demonstrate that it is more likely than not that the amount in controversy exceeds the jurisdictional limit. *See Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). Pursuant to the Supreme Court's decision in *Dart Cherokee*, this Notice need only include "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold" to pass muster. *Dart Cherokee Basin Operating Co. v. Owens*, 547 U.S. 81, 89 (2014).

9. Plaintiff's Complaint alleges that as a result of Defendant's alleged conduct, she has suffered harm, including severe and serious mental distress, mental injury and past and future medical expenses, past and future lost income, and impairment of earning capacity. Ex. 1, Pl.'s Compl. at 8, ¶ 31.

10. Plaintiff further alleges she suffered damages and is entitled to recovery of the following: past, present, and future medical expenses; past, present, and future lost income; impairment to earning capacity; mental pain and suffering, as well as

emotional distress damages; general damages; and other relief. *Id.* at 8, "WHEREFORE" clause.

11. The amount in controversy in this case exceeds the sum of $75,000 because the allegations in Plaintiff's complaint reflect that she could potentially recover much more than that amount. Plaintiff's present claim for past and future lost wages alone likely exceeds $75,000 - before consideration of the additional applicable elements of damages claimed by Plaintiff (past and future medical expenses, emotional distress, etc.). Accordingly, this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a).

12. This action is properly removed to this Court under 28 U.S.C. §§ 1332, 1441, and 1446 because it is pending in Deer Lodge County, Montana, which lies within this District. As such, WFB's Notice of Removal is timely and complete. *See* 28 U.S.C. § 1446(a).

13. A Notice of Removal to Federal Court is being filed in state court and served simultaneously herewith, in accordance with 28 U.S.C. § 1446(d), and a copy is attached hereto as **Exhibit 2**.

Respectfully submitted this 15th day of June, 2023.

            LITTLER MENDELSON, P.C.

            */s/ Michelle L. Gomez*
            Michelle L. Gomez
            Jay J. Athey

            Attorneys for Defendant
            WELLS FARGO BANK, N.A.

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of June, 2023, I filed the foregoing **DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION** using the Court's CM/ECF filing system which will serve the following parties:

J. Ben Everett
Everett Cook Law
217 E. Park Ave.
P.O. Box 969
Anaconda, MT 59711
Phone: (406) 563-5005
Fax: (406) 563-0380
Email: jbeneverett@everettlawpllc.com

            */s/Patricia Perez*
            Patricia Perez